CLERKS' BENEVOLENT UNION v. KNIGHTS OF COLUMBUS.

1. PLEADINGS—CLAIM AND DELIVERY.—A complaint alleging that certain personal property has been awarded to defendant does not state a cause of action for claim and delivery.

2. IBID.—ARBITRATION AND AWARD.—A complaint does not allege a cause of action to set aside an award unless it allege that the award was made through the misconduct, mistake or fraud of the arbitrators.

3. IBID.—AMENDING.—Refusal of motion to amend pleadings will not be reviewed on appeal unless there has been an abuse of discretion, which does not appear in this case.

Before GARY, J., Richland, April, 1904.    Affirmed.

Action by Clerks' Benevolent Union against Knights of Columbus, by the following complaint:

"Plaintiffs above named, complaining on behalf of themselves and all other members and shareholders in the association conducted under the name of Clerks' Benevolent Union, by way of affidavit and complaint, allege:

"1. That the plaintiffs above named, together with others, to wit: more than one hundred and twenty in number, now are, and were at the time hereinafter mentioned, members and shareholders in a certain association conducting its business under the name of Clerks' Benevolent Union, which is a fraternal benevolent association, organized in the city of Columbia, county and State aforesaid, for the purpose of promoting the welfare in a social, fraternal and business way of the members thereof.

"2. That the said association has elected as its president, W. W. Adams, and as its secretary, H. E. Scott.

"3. That the defendant, Knights of Columbus, as plaintiff is informed and believes, claims to be a corporation, or a subdivision of a corporation, organized under the laws of some other State or country; but the plaintiff is unable to find any record in the public offices of this State and county to show that said defendant has any corporate existence in this State.

"4. That the said defendant, as the plaintiffs are informed and believes, is organized as a social and benevolent association, composed of P. J. Drew, Joseph R. Allen and W. R. Way, together with others, to wit: a large number whose names are unknown to the plaintiffs; and defendants above named are sued in behalf of themselves and all other members of said association.

"5. That on or about the        day of February, A. D. 1903, an offer was made through the public newspapers of the city of Columbia for the giving of one Hobart M. Cable piano to that church, lodge, society or school of Richland County, which should be voted the most popular by Wednesday, July 1, 1903. Contest to commence Wednesday, February 25, 1903. The votes to be issued by the merchants designated in the advertisement, to wit: * * * All votes to be deposited in ballot boxes in Moore & Sons' dry goods store, Girardeau & Marshall, clothing store, and W. C. McMillan, drug store, within five days after date of sale. This offer was made by the firm of Youmans & Leete. The defendant, Joseph R. Allen, was to count the ballots and announce the result. A provision was made by said Youmans & Leete with the State Company, of Columbia, for printing and furnishing to the merchants designated in the said offer of the requisite number of ballots for said contest.

"6. In accordance with the terms of agreement between Youmans & Leete and the said merchants and published terms of the contest, the State Company printed, issued and delivered to the said merchants the tickets and votes to the amount of 343,000 votes, which were all the legal votes to be cast in said contest.

"7. That the plaintiff herein received a plurality of the lawful and *bona fide* votes cast in said contest.

"8. That the plaintiff herein received a majority of the lawful, rightful and *bona fide* votes cast in said contest.

"9. That the plaintiffs are rightfully and lawfully entitled to be declared the most popular society of Richland County in said contest, and were lawfully entitled to be awarded the said piano.

"10. That a large number of spurious and illegal votes were cast and counted for and in behalf of the defendants, Knights of Columbus, which said votes were not entitled to be and should not have been counted or considered in behalf of said defendants.

35—70

"11. That notwithstanding the foregoing facts, the defendant, Joseph R. Allen, did count and consider the ballots cast for Knights of Columbus, and declared the said defendant, Knights of Columbus, the most popular society of the county of Richland, and awarded to said defendants the said piano.

"12. That the said award and decision of the defendant, Joseph R. Allen, was unjust and unlawful, for the reasons stated in the foregoing paragraph.

"13. That the said piano is now in the storeroom of the defendant, W. R. Way, who, the plaintiffs are informed and believe, holds possession of the same for and in behalf of the defendants, Knights of Columbus, and P. J. Drew, president and grand knight; that the plaintiffs have made demand on the defendants and each of them for possession of said piano before the commencement of this action, and the defendants have failed, and refused to deliver possession thereof to this plaintiff.

"14. That the alleged cause of detention of said property is not known to the plaintiff, other than as above set forth.

"15. That the same has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff.

"16. That the actual value of the said piano is $350, and the defendants unlawfully and wrongfully withhold possession thereof, to the damage of the plaintiff in the sum of $350.

"Wherefore, plaintiffs pray judgment against the defendants; that they be declared the lawful and rightful owners of and entitled to the possession of said piano, and that possession thereof be delivered forthwith to the plaintiffs; for costs and damages and such other and further relief as they may be entitled to in the premises."

## ORDER DISMISSING COMPLAINT.

"This action was commenced in July, 1903, under the provisions of the Code as to claim and delivery of personal

property.   Its object was to recover a piano alleged to have been wrongfully detained from the plaintiffs by the defendants, Knights of Columbus.   Under it the piano was taken from the Knights of Columbus by the plaintiffs, but subsequently it was replevied by said defendants.   The defendants moved to dismiss the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action in certain particulars specified in the notice of motion.   The plaintiffs asked leave to serve an amended complaint.   These motions were argued together.

"The complaint does not state facts sufficient to support an action for claim and delivery of personal property.   The plaintiff in such action, in order to recover, must allege that the property detained is his, or that it was taken from his possession, and he cannot recover without showing title in himself.   *Peeples* v. *Warren,* 51 S. C., 560, 29 S. E., 659; *Kirven* v. *Pinckney,* 47 S. C., 229, 25 S. E., 202.   The complaint shows no title in plaintiff.   As said in *Penton* v. *Hansen,* 73 Pac., 843, the action of claim and delivery 'is not a chancery proceeding.   Its purpose is to take property from one who wrongfully withholds it, and to give it to another, who has a plain legal right thereto.'

"The plaintiffs ask leave to amend so as to allege facts entitling them to equitable relief—the specific performance of a contract to give them a piano.   Such an amendment would state an entirely new cause (if it stated any) from that on which the property herein disputed is sought to be taken from defendants.   Its allowance would not be in furtherance of justice.   Without undertaking to decide whether the proposed amendments are sufficient to state a cause of action in equity, they are refused.

"It is, therefore, ordered and adjudged, that the complaint be dismissed."

Plaintiffs appeal.

*Messrs. Geo. R. Rembert* and *D. W. Robinson,* for appellants.   *Mr. Robinson* cites: *As to sufficiency of complaint to*

*state a cause of action:* 29 S. C., 589; 63 L. R. A., 289; 34 S. C., 352; 16 S. C., 374; *Lassiter* v. *O'Keefe Club,* 70 S. C. *Complaint covers both an action for claim and delivery and damages:* 45 S. C., 390; 40 S. C., 540; 28 S. C., 97; *Welburn* v. *Dickson,* 70 S. C.; 16 S. C., 373; 60 S. C., 103; 46 S. C., 202; 28 S. C., 97; 20 S. C., 10, 50; 11 S. C., 329. *Amendment did not state new cause of action, and should have been allowed:* Code, 194; 50 S. C., 398; 35 S. C., 361; *Sutton* v. *Catawba Power Co.,* 70 S. C. *Agreement for Allen to count votes was not a submission to arbitration:* 5 Wall., 785; 2 Ency., 2 ed., 634; 11 L. R. A., 623; 16 L. R. A., 515. *As to privity of contract:* Code of Proc., 132; 61 L. R. A., 510; 52 L. R. A., 306; 53 L. R. A., 758; 44 L. R. A., 174; 20 N. Y., 268; 1 Rich. L., 210; 3 Strob., 196; 1 Johns., 140; 57 S. C., 549; 51 S. C., 105; 14 S. C., 334. *Defendant cannot insist that the agreement under which piano was awarded is against public policy:* 127 N. C., 461. *Crim. Code, 206, unconstitutional:* 109 N. Y., 398; 12 L. R. A., 427.

*Messrs. Bellinger & Townsend,* contra, cite: *Facts alleged are insufficient to support claim and delivery:* Cobb. on Rep., sec. 100; 88 Hun., 83; 51 N. Y., 42; 1 Duer., 101; 136 Mass., 20; 3 DeG. & J., 368; 2 M. & W. Ex. R., 786; 5 H. L. Cas., 854; 11 Ex. R., 715; 3 At., 819; 114 U. S., 549; 97 U. S., 398; 109 U. S., 618. *Nor are they sufficient to warrant setting aside the award:* 11 Ex. R., 717; 1 Brev., 239, 293; 1 Bail., 46; 2 Bay, 372, 450; 58 S. C., 317; 62 S. C., 125; 2 DeG. & Sm., 17; 14 W. & S., 212; Watts on Ar. and Aw., 54; 35 Mo. App. R., 355; 109 N. C., 398: 10 Pick., 275; 26 Me., 251; 38 Ohio St., 423; 5 Dow., 247; 7 Atl., 161; 3 H. & N. Ex., 766. *Nor for damages:* 75 Ill., 90; 54 Ia., 74; 2 Bay, 69; 2 N. & McC., 168. *Nor for specific performance or damages:* 2 McC., 218; 107 Mass., 37; 14 S. C., 337. *The consideration alleged is illegal:* Crim. Code, 206; 20 S. C., 430; 58 L. R. A., 181; 1 McC. Eq., 506; 55 L. R. A., 637; 21 Pac., 1017. *Permitting*

*amendment is discretionary:* 9 S. C., 330; 18 S. C., 305; 30 S. C., 564; 12 N. Y. C. P., 64; 39 Barb., 104.

February 21, 1905.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order sustaining a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.   The complaint and the order of his Honor, the Circuit Judge, will be set out in the report of the case.

The award, until set aside, is conclusive of the rights of all parties in interest.   It vested the legal title to the piano in the Knights of Columbus.   His Honor, the Circuit Judge, therefore, properly ruled that the complaint did not state facts sufficient to constitute a cause of action in claim and delivery.

The next question to be considered is, whether the allegations of the complaint are sufficient to constitute a cause of action, for setting aside the award.   Lord Hardwicke, in 3 Atk., 529, says: "That the only ground to impeach an award is collusion, or great misbehavior in the arbitrators; for otherwise, being made judges by parties' own choosing, it is binding and final on all parties; and unless it was so, no person would ever consent to act as an arbiter."   In *Mulder* v. *Cravat,* 2 Bay, 370, the Court, after quoting the words of Lord Hardwicke, uses this language: "But as all men are liable to *mistakes* and *errors,* this general rule must be subject to those exceptions.   If, therefore, any great or *palpable error or gross mistake* has been committed by the arbitrators or an umpire, that may be a ground for opening such award or umpirage.   But the mistake must be plain and gross to set aside the award.   Loft, 554.   A mere mistake in point of law or error in judgment on the part of an arbitrator, does not appear to be grounds for impeaching an award or umpirage.   Lord Mansfield says, that awards are not to be scanned with critical niceties,

as they are made by judges of the parties' own choosing, and that much *greater latitude* and less strictness are exercised now in construing awards than formerly; they are to be construed liberally and favorably; so that they may take their effect rather than be defeated. 1 Burr, 277." The case of *Sumpter* v. *Murell*, 2 Bay, 450, is to the same effect. See, also, *Greenville* v. *Spartanburg*, 62 S. C., 125, 40 S. E., 147.

The complaint alleges that the plaintiff received both a plurality and a majority of the votes cast in the contest. It also alleges that a large number of spurious and illegal votes were cast, and that they were counted by the arbitrator in favor of the defendants, Knights of Columbus. The plaintiff does not allege that there was misconduct, mistake or fraud on the part of the arbitrator. As the complaint does not allege either of these facts, they cannot be inferred from the allegations therein set forth. "While a demurrer admits traversable facts, it does not admit inferences from them or conclusions of law." 6 Ency. of Pl. & Pr., 336. It may be, as there are no allegations in the complaint to the contrary, that the spurious and illegal votes were duly considered by the arbitrator in making his award. If so, even though there was error, the award would not be set aside in the absence of fraud or mistake on the part of the arbitrator.

The plaintiff made a motion to amend by substituting an amended complaint instead of the original, alleging fraud and mistake. The last question for consideration is whether his Honor, the Circuit Judge, erred in refusing the amendments. Such motions are addressed to the discretion of the Circuit Judge, and his action is not subject to review by this Court, unless there has been an abuse of discretion, which does not appear in this case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Mr. JUSTICE WOODS. I concur. Even if the Circuit Judge was in error in not allowing the amended complaint

on the ground that it stated a different cause of action, this would not avail the plaintiff, because, for the reasons indicated in the opinion, I do not think the proposed amended complaint stated a cause of action.