6842

## CLARKE v. HOME FUND LIFE INS. CO.

1. EVIDENCE—INSURANCE.—PAROL agreement between insured and agent of insurer to the effect that policy should be cancelled if note for premium was not paid when due ruled out because: First, it was incompetent under Section 400 of Code, and, second, it tended to vary the written contract.

2. INSURANCE.—Insured paid premium with note which agent took under permission from company, and for which he was responsible, and died after credit period without paying note or assessments due in meantime, of which he was not notified, *held* beneficiary entitled to recover.

Before GAGE, J., Greenville, June Term, 1907. Affirmed.

Action by George T. Clarke, administrator of David A. Campbell, against Home Fund Insurance Company. From judgment for plaintiff, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Plaintiff must show waiver:* 83 Fed., 631; 39 Fed., 752; 144 U. S., 449; 1 Joyce on Ins., Secs. 96, 97. *Parol evidence offered as to cancellation of policy if note be not paid does not conflict with rule against parol evidence affecting written instruments:* 2 Joyce on Ins., Sec. 1204; 42 L. R. A., 261; 32 N. Y., 619; 90 Am. D., 787; 71 S. C., 356; 187 U. S., 335; 2 Jones Ev., Secs. 444, 478; Stephens Ev., 163; 1 Green Ev., Sec. 283; 53 S. C., 563; 16 S. C., 357; 22 S. C., 9; 44 S. C., 538; 61 S. C., 166. *Such evidence not inadmissible under Section 400 of Code of Procedure:* 6 S. C., 76; 20 S. C., 567; 22 S. C., 25; 34 S. C., 246; 47 S. C., 488; 7 S. C., 153; 37 S. C., 145. *Taking note was only waiver of time of payment:* 24 Am. R., 334; 65 Am. D., 565; 104 U. S., 259; 29 S. E. R., 41; 60 Am. R., 24; May on Ins., Sec. 362; 4 Waits A. & D., 57. *Death after period of credit vitiates policy, note not paid:* 2 Joyce on Ins., Sec. 1202; 71 S. C., 359; 90 Am. D., 787; 10 Am. R., 566; 96 U. S., 234; 104 U. S., 252; 17 S. C., 219.

*Mr. Jos. A. McCullough,* contra, cites: *Parol evidence offered was obnoxious to Section 400 of Code and varied terms of the written contract:* 22 Fed. R., 186; 69 S. C., 93; 104 U. S., 252. *Condition subsequent:* 60 S. C., 485; 43 S. C., 26. *Non-payment of note at maturity would not work a forfeiture:* May on Ins., Sec. 345; 37 S. C., 417. *Agent's authority to accept note:* May on Ins., Sec. 134; 37 S. C., 442; 51 S. C., 548; 71 S. C., 356. *General power of insurance agent:* 52 S. C., 228; 52 Fed. R., 586; 18 S. E. R., 195; 8 Current L., 399; 108 N. W., 861, 1025; 55 S. C., 589; 57 S. C., 16.

April 2, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff sued as the administrator of the estate of David A. Campbell, deceased, to recover one thousand dollars which he claims by the terms of the policy of insurance issued by the defendant, Home Fund Life Insurance Company, which was to be paid on the death of the said Campbell in accordance with the terms of the said policy.

The defendant in its answer admitted that it issued the policy in question through its agent, E. S. Dominick, on the fifth day of September, 1905, but claimed that said policy was forfeited by the failure of said Campbell to pay six dollars, in cash, which should have been actually paid before said policy was issued, and five assessments, to wit: $1.40 each, for the months of September, October, November, December and January.

At the hearing before Judge Gage and a jury, testimony was offered on both sides to the controversy. By such testimony it seems that the only objection to the policy in question grew out of the fact that six dollars was not paid at the time the policy was issued. On the date of the application for said policy, David A. Campbell made the following note:

"Chappells, S. C., Aug. 25, 1905.

"For value received, I promise to pay to E S. Dominick on or before Nov. 1, 1905, $11.00 eleven dollars.

"D. A. Campbell."

While the note on its face appears to be for eleven dollars, it was intended only for six dollars, as the wife of Campbell was deprived of her insurance by reason of failure on her part to be examined. As remarked, the terms of the policy required the payment in cash of six dollars, but it was made to appear by the testimony of both Dominick and Eugene Gilfillin, the secretary and treasurer of the defendant company, that in July or August, 1905, E. S. Dominick requested said company, through its secretary and treasurer, to be allowed to extend a credit to the

applicant for insurance, provided the agent became responsible to the company therefor, and this was agreed to by the defendant company.

Upon the execution of the note in question, policy number 1655 was delivered to D. A. Campbell. When the note matured on the first day of November, it was not paid, but the defendant Dominick extended making demand therefor as late as January 5, 1906. At that time and before the death of Campbell, the note for six dollars was sent by said E. S. Dominick to one W. T. Glenn for collection with the receipt in blank for said payment, and the said W. T. Glenn always held himself ready to pay the said note for Campbell, but the said E. S. Dominick failed to call for said payment.

On the 23d of January, 1906, the said David A. Campbell died.

After the death of Campbell, E. S. Dominick wrote to the widow of Campbell, offering to receive the six dollars and secure the amount of the policy for her; upon the receipt of said letter, Mrs. Campbell wrote, inclosing the money, but Dominick returned the same to Mrs. Campbell, with a statement that the company refused to allow such payment to be received; as a consequence this suit was brought.

At the close of the testimony Mr. McCullough moved the Court to direct a verdict in behalf of the plaintiff on the following grounds:

1. "The undisputed testimony here shows that Mr. Dominick, the agent of the defendant company, had authority to deliver this policy and to collect the first premium; and the undisputed testimony further shows that he had authority to accept notes payable to himself, for which he was responsible to the company for their non-payment, and that being so, and the testimony showing that the note was accepted in this case and the policy delivered, that it became a binding contract; and the testi-

32—79

mony further shows that the deceased received no notice of any assessments which he failed to pay, and did not otherwise violate the terms of his contract, and the plaintiff is entitled to a verdict.

2. "Under all of the testimony, a legal liability is established against the defendant."

And Mr. Cothran moved his Honor to direct a verdict for the defendant, as follows:

1. "Admitting the condition of the payment of the membership fee had been waived by the defendant, it appears from the testimony that the note was due November 1, 1905, and was not paid at maturity, and the death occurred on January 23, 1906, not within the credit period."

To these motions the Judge said: "I don't think there is anything to go to the jury. The transactions of this life depend almost entirely upon paper. Money payments are things of the past, and one-half of the transactions in life are paid for in the future. When an insurance company authorizes its agent to issue a policy of insurance and to collect the premium, when he takes a note for the premium, that is a collection in cash, and especially so, when Mr. Gilfillin testified, when he left the stand, that he notified Mr. Dominick that he might credit the applicants, and if there was any loss he would have to pay it himself, and when he issued the policy and took that note the transaction was closed. Come forward, Mr. Foreman, and write a verdict for the plaintiff."

By the testimony of Mr. Gilfillin it was made to appear at this juncture that there were nine hundred and eighty-one members, and, furthermore, Mr. Cothran said: "We are entitled to the assessments for September, October, November, December and January, and also the amount of the membership fee."

The verdict was taken for nine hundred and sixty-eight dollars, which was nine hundred and eighty-one dollars

less six dollars, membership and assessments of one dollar, and forty cents each for the months above stated.

After entry of judgment an appeal was taken on the following eight grounds. We will dispose of them in their order:

1. "The presiding Judge erred in excluding the answer of the witness E. S. Dominick to the question as to what was the agreement between him and D. A. Campbell in reference to the policy at the time he took Campbell's note for the membership fee; the agreement being to the effect that if the note should not be paid at maturity Campbell would return the policy. Said testimony was competent and relevant upon the ground that it showed an express agreement between Campbell and the defendant's agent which was perfectly valid, not contradictory of the application, note or policy, and tended to rebut the charge that the defendant had waived the condition in the application (made a part of the policy), that the contract should not take effect until the membership fee thereon shall have actually been paid during the lifetime and good health of the insured; and, at least, it tended to show a qualified waiver of such condition; the defendant was entitled also to the whole of the agreement of which the papers were only a part."

It seems that when the witness, E. S. Dominick, was testifying in regard to the note due on the first of November, made by D. A. Campbell, he offered to tell a consideration upon which the policy was to be surrendered, an oral statement of D. A. Campbell. Upon objection the Circuit Judge ruled that such testimony was not admissible, first, because in contravention of Section 400 of the Code, which forbade any transaction or communication of a deceased person with the witness who was a party in interest; and, secondly, because such testimony tended to vary a paper in writing by the parties thereto. The Circuit

Judge was right in both instances, and the testimony should have been refused. This exception is overruled.

2. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that he should have admitted the testimony of E. S. Dominick as to the agreement between him and Campbell at the time the application and note was taken, and should then have left it to the jury to say whether 'that agreement had been established, and if so that the defendant was not liable. The agreement referred to being to the effect that if the note should not be paid at maturity the policy should be surrendered."

There was nothing for the jury to find in regard to the proffered testimony by E. S. Dominick, because such testimony was not allowed. This exception is overruled.

3. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that it appears from the evidence that the intestate did not die within the period of credit and his estate is not entitled to the benefits of insurance."

We think the Circuit Judge was not in error as here referred to, because it was agreed by the defendant and the said Dominick that he, Dominick, should be responsible to the company for any credit he might extend. Both parties to said agreement admitted the same. *Stepp* v. *National Association,* 37 S. C., 442, 16 S. E., 134; *Wilson* v. *Assurance Co.,* 51 S. C., 540, 9 S. E., 245; *Dargan* v. *Assurance Society,* 71 S. C., 356, 51 S. E., 125.

4. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that the applicant never paid or tendered any part of the dues, fees or assessments, or of his note."

We do not see any value in this exception; the defendant itself caused a credit to be given itself in the verdict by its suggestion when it requested the Court to allow credits for the membership fee and five assessments, which was done. This exception is overruled.

5. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that the applicant never assumed any of the burdens imposed upon members, and it is inequitable to allow him or his beneficiaries to reap any of the benefits."

The verdict, as just remarked, made the applicant or his estate responsible for the very matter here complained of. There was no error here. Let this exception be overruled.

6. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that, conceding that the agent had authority to waive the payment of the membership fee in money at the time of taking the application, his action in taking the applicant's note for such fee, payable November 1st thereafter, amounted only to waiver of the time of payment and not of the payment of the money. The condition, therefore, that the membership fee be actually paid by the applicant during his lifetime and good health was not affected thereby, and the applicant never having complied with this condition, the plaintiff was not entitled to recover."

The very action of the company and its agents caused this difficulty suggested by the defendants. This exception is overruled.

7. "The presiding Judge erred in directing a verdict for the plaintiff, for the reason that the action of the agent did not amount to a compliance on the part of the applicant with the conditions of his policy; the membership fee was not paid in cash; the note was not paid at maturity or at any other time; the agent never reported the matter to the company or charged himself with the fee; the company never charged the agent with the fee."

There is nothing in this exception, it being already covered by what we have before overruled.

8. "The presiding Judge erred in admitting in evidence letter of E. S. Dominick, 'Exhibit M,' for the reason that the same was the declaration of an agent and not a part

of the *res gestae;* the declaration of an agent not within the scope of his employment and irrelevant; written after the death of Mr. Campbell and after the transaction was closed."

We see no virtue in this exception; the admission of the letter here referred to was perfectly harmless. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.