### 7531

#### PARKER, TRUSTEE, v. MAYES.

1. PAYMENT.—A JOINT AND SEVERAL MAKER OF A NOTE cannot plead as a defense to his joint and several liability an oral agreement by which he has been released from liability by payment of one-half of the note.

2. MOTIONS TO AMEND PLEADINGS are addressed to the discretion of the trial Judge and his action is not reviewed except in cases of abuse of discretion.

3. UNDER GENERAL DENIAL to a complaint alleging payments on a note sued on, defendant may prove other payments than alleged.

Before DANTZLER, J., Saluda, April, 1910. Affirmed.

Action by J. S. Parker, as trustee of S. M. French, bankrupt, against W. M. Mayes. From judgment for plaintiff, defendant appeals.

*Mr. Eugene W. Able,* for appellant, cites: *Partial payment under compromise should be sustained:* 64 S. E., 513.

*Messrs. Lyles & McMahan,* contra. No citations.

April 1, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is a suit upon a promissory note dated February 29, 1904, signed by the defendants, who jointly and severally promised to pay to the order of S. C. Cook twelve hundred dollars sixty days after date. Cook endorsed and delivered the note to S. M. French before maturity, but as matter of fact, the note was taken for property belonging to French and sold by Cook as his agent, and French was real owner of the note when it was executed. French became bankrupt and plaintiff became owner and possessor of the note as trustee in bankruptcy. The defendant, Anderson, was not served, and judgment was not demanded against him.

Upon the trial, Judge Dantzler directed a verdict against defendant, Mayes, for eight hundred and forty-seven dollars and thirty-eight cents.

Upon a previous motion Judge Shipp made order striking out from defendant's answer after the word "herein" on second line down to and including "payment" on last line of the following, which constitutes the second defense.

1. "That he admits that he signed the note, as set out in the complaint herein (but alleges that it was understood and agreed by all parties at the time that he signed it, that he was liable for one-half thereof only, and that this defendant is informed and believes and alleges that S. M. French, the party to whom the note was transferred by S. C. Cook, was advised of and fully knew all these facts when he acquired the aforesaid note.

2. "That when the said S. M. French caused the said note to be presented to this defendant for payment, this defendant denied liability for any amount of the said note save and except one-half thereof, and advised the aforesaid, S. M. French, that he would resist payment, if necessary, by litigation; whereupon, said French agreed with this

defendant that if he would pay the one-half thereof, said amount would be accepted in full of all this defendant's liability thereon, and he would be released from all further liability thereon; whereupon, and in consideration of this agreement and understanding between the defendant and the said S. M. French, this defendant paid to the order of the said S. M. French one-half of the said note. That the said amount was accepted with this understanding, and with a memorandum of the same made on the check that this defendant gave in payment."

In appealing from the judgment on verdict, appellant assigns error to the order of Judge Shipp.

Even if we should waive the point that appellant should have appealed from the order of Judge Shipp, there was no error. The allegation as to the contemporaneous agreement was in conflict with the well established and salutary rule which forbids parol testimony to vary or contradict the terms of a written instrument. The note was both joint and several, "We or either of use promise to pay," and the alleged agreement was to the contrary. Parol evidence of contemporaneous, collateral or independent agreement is only admissible when it does not vary or contradict the writing. *Chemical Co.* v. *Moore,* 61 S. C., 166, 39 S. E., 346; *Ashe* v. *R. R. Co.,* 65 S. C., 138, 43 S. E., 393; *Earle* v. *Owings,* 72 S. C., 364, 51 S. E., 980; *Clarke* v. *Ins. Co.,* 79 S. C., 499, 61 S. E., 80.

The subsequent agreement alleged could not avail defendant. As declared in *Ex parte* Zeigler, 83 S. C., 80, the rule derived from Pinnel's Case, Coke, 117, is enforced in this State. "The payment of a sum smaller than a liquidated debt in pursuance of an agreement, not under seal, to accept such sum in satisfaction can not be satisfaction of the whole. Such payment notwithstanding the agreement operates only as a payment *pro tanto.*"

After this, and before trial, motion was made before Judge Dantzler to amend the answer so as to allege that

defendant "has paid in full all his liability on the note described in the complaint, and that he is fully discharged from all further liability or responsibility on account of the said note by reason of said payment," which motion was refused, and exception is now taken to such refusal.

"Such motions are addressed to the discretion of the Circuit Judge, and his action is not subject to review by this Court unless there has been an abuse of discretion." *Clerks' Union* v. *Knights etc.,* 70 S. C., 550, 50 S. E., 206.

We see no abuse of discretion in this case.

There is nothing in the record to show that it was made to appear to the Court that the amendment sought to plead payment otherwise than as attempted in the matter previously stricken out. Moreover, since the complaint alleged credits and that there was a specified balance due, defendant could have shown other payments under the general denial.

The foregoing conclusions control the remaining exceptions to the exclusion of testimony, for the excluded testimony merely related to the alleged defense stricken out by the order of Judge Shipp.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.