## 18252

BANKERS INSURANCE COMPANY OF PENNSYLVANIA, Appellant, v. Merdy Voices GRIFFIN, Henry David Griffin, Claude W. Dill, Mertice S. Dill, Annie Ruth Bates, Dorothy Martin, Robert McKelvie, Mattie Lee Rouse, May Frances White, a minor over the age of fourteen years and Henry Bates, Jr., Respondents, and Nationwide Mutual Automobile Insurance Company, Cross-Appellant.

(137 S. E. (2d) 785)

*Robert N. Daniel, Jr., Esq.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Nationwide Mutual Automobile Insurance Company, Cross-Appellant,*

*Messrs. Bouton & Bryson,* of Greenville, *for Defendants-Respondents, Claude W. Dill and Mertice S. Dill,*

554

*Messrs. Mann & Mann,* of Greenville, *for Defendant-Respondent, Henry David Griffin,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Nationwide Mutual Automobile Insurance Company, Defendant-Respondent,* in Reply,

August 10, 1964.

TAYLOR, Chief Justice.

This action for declaratory judgment was brought by the plaintiff, Bankers Insurance Company of Pennsylvania, seeking to have the Court determine the rights of the parties under the terms of contracts of insurance issued by the plaintiff, Bankers, to the defendant Merdy Voices Griffin, and by defendant Nationwide Mutual Automobile Insurance Company to the defendant Henry David Griffin.

By agreement of the parties, the matter was heard by the Honorable James H. Price, Jr., Judge of the Greenville County Court, without a jury, who, in his Order of December 16, 1963, concluded that Merdy V. Griffin was the owner of the 1960 Pontiac involved and that Bankers had not proved a material misrepresentation and, therefore, was liable under the circumstances. It was further held that Nationwide's policy afforded no coverage and, accordingly, Nationwide was relieved of any obligation with regard to the defense of any action arising out of the subject accident.

This action, tried without a jury by agreement of the parties, is one at law and the Judge's findings of fact have the force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. *Robinson v. Carolina Casualty Insurance Co.*, 232 S. C. 268, 101 S. E. (2d) 664; *Evatt v. Campbell*, 234 S. C. 1, 106 S. E. (2d) 447; *Crook v. State Farm Mutual Auto Insurance Co.*, 235 S. C. 452, 112 S. E. (2d) 241; *Garrett v. Pilot Life Insurance Company*, 241 S. C. 299, 128 S. E. (2d) 171.

The primary issue for determination is the question of ownership of the 1960 Pontiac 2-door automobile driven by Annie Ruth Bates at the time of the accident.

Bankers relies strongly on the fact that the certificate of title issued by the State Highway Department on the 1960 Pontiac in question was in the name of Henry D. Griffin and

not in the name of Merdy V. Griffin and contends that such is conclusive evidence that the 1960 Pontiac was owned by Henry.

Section 46-150.11, Code of Laws of South Carolina, 1962, provides that "A certificate of title issued by the Department is *prima facie* evidence of the facts appearing on it." The presumption of ownership evidenced by the certificate of title may be overcome by evidence that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered. 7 Am. Jur. (2d), Automobile Insurance, Section 20, p. 318; *United States Casualty Co. v. Bain,* 191 Va. 717, 62 S. E. (2d) 814; *American Employers Insurance Co. v. Zablosky,* 5 Cir., 292 F. (2d) 412.

During the latter part of May, 1963, Merdy Griffin wished to purchase the 1960 Pontiac in question. Merdy had previously purchased a policy of automobile liability insurance from Bankers, and Henry Griffin had purchased an automobile liability policy from Nationwide. These two policies insured certain described automobiles which were not involved in the accident. After agreeing with a salesman at the Malcolm Carter Motor Company to purchase the said automobile, Merdy Griffin completed and signed a credit application but his credit was found unacceptable. The Malcolm Carter salesman informed Merdy that his credit had been turned down and advised him it would be necessary to secure someone whose credit was acceptable to sign the note and mortgage in order to purchase the 1960 Pontiac. Merdy's brother, Henry Griffin, was contacted and his credit found acceptable. On May 31, 1963, Henry, at the request of the salesman and in order to accommodate his brother, signed the note and mortgage and such other instruments as the salesman requested. As a result the automobile was registered in Henry's name and the South Carolina State Highway Department issued a certificate of title in his name. The trial Judge found that neither Merdy nor Henry realized the vehicle would be registered in Henry's name as they ap-

parently were of the impression that Henry would merely act as a cosigner or endorser on the note and mortgage.

On June 1, 1963, Merdy went to the office of the Boyce E. Smith Agency through whom he had previously obtained an automobile liability policy from Bankers on his 1955 Pontiac automobile and attempted to obtain an endorsement to his Bankers policy to include the 1960 Pontiac as an insured vehicle. He explained that he had purchased the 1960 Pontiac, but because of credit reasons his brother had signed the note and mortgage and that the bill of sale and registration was in Henry's name although he was not the actual owner. Mr. Smith advised Merdly that it would be better to have the insurance coverage on the 1960 Pontiac obtained in Henry's name and suggested that he have his brother contact the Nationwide Agency and have the 1960 Pontiac added to the Nationwide policy. Henry contacted his Nationwide agent and discussed the matter with him. Henry was advised by his agent that since Merdy was the actual owner of the automobile there was no reason why the Smith Agency should not issue the endorsement which Merdy had requested. Merdy thereafter, on the morning of June 8, 1963, again went to the Smith Agency where he discussed the matter, explaining that the 1960 Pontiac was his automobile but that for credit reasons had been placed in his brother's name. He displayed the bill of sale showing the automobile to be in the name of Henry D. Griffin. The premium was computed to be $11.68, which was paid by Merdy at that time for the endorsement to include the 1960 Pontiac on his previous policy.

Later the same day, June 8, 1963, after the insurance had been procured, the 1960 Pontiac was involved in an accident with an automobile owned and operated by the defendant, Claude W. Dill.

Thereafter, an endorsement dated June 10, 1963, was issued showing the 1960 Pontiac as an additional insured automobile under Merdy's policy with Bankers said endorsemen being effective as of June 8, 1963.

558

The evidence sustains the finding by the trial Judge that Merdy V. Griffin was the true owner of the 1960 Pontiac; however, Bankers contends that its policy should be declared null and void because of an alleged material misrepresentation by Merdy at the time of application for the endorsement. Although there is a conflict in the evidence as to whether Merdy fully disclosed all material facts to the Smith Agency when applying for coverage, the trial Judge found that at no time did Merdy make any misrepresentation to Bankers' agent, but, rather on both visits to the Smith Agency, he fully explained the circumstances surrounding the ownership of the Pontiac.

It is further contended that the Nationwide policy affords coverage under the facts of this case as Henry D. Griffin not only had title to the 1960 Pontiac but, in addition, had obligated himself to pay for the same by signing the note and mortgage. The Nationwide policy provides under the automatic insurance clause that coverage is afforded for no more than 30 days to a motor vehicle, ownership of which is acquired by the policyholder.

In the case of *Robinson v. Georgia Casualty & Surety Co.*, 235 S. C. 178, 110 S. E. (2d) 255, it was said in regard to a similar clause providing for automatic coverage on a newly acquired automobile that such clause "specifically, and in explicit language, requires that to be covered as a newly acquired automobile the automobile must be one acquired by the named insured. In other words to be covered as a newly acquired automobile, the vehicle must be one in which the named insured not only has an insurable interest —he must own the automobile." See. 34 A. L. R. (2d) 936.

Conceding the fact that Henry D. Griffin had an insurable interest in the 1960 Pontiac, the Nationwide policy affords no coverage under the "automatic insurance" clause as Henry was not the true owner of said vehicle.

Other issues discussed in the briefs become moot in the light of the foregoing, and we are of opinion that the Order

appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.