21665

Kimsey TOLLISON, Administrator of the Estate of Floride Tollison, Appellant, v. Betty K. REAVES, Jay Hilton King, J. Hilton King and the Hanover Insurance Companies, Respondents.

(289 S. E. (2d) 163)

*Saleeby, Cox, Driggers & Bledsoe,* Hartsville, *for appellant.*

*Wright, Scott, Blackwell & Powers,* Florence, *for respondents.*

March 8, 1982.

HARWELL, Justice:

This appeal arises from a grant of summary judgment declaring that respondent insurance company was not liable to appellant. We affirm.

Appellant, the personal representative of the Estate of Mrs. Floride Tollison, initiated this declaratory judgment action

after respondent Hanover Insurance Company denied coverage for respondent Jay Hilton King under respondent J. Hilton King's policy. Mrs. Tollison was injured on March 4, 1977 when an automobile driven by respondent Jay Hilton King collided with hers. Subsequently, Mrs. Tollison died of unrelated causes in 1978. Respondent Jay Hilton King (Grandson) is the grandson of Respondent J. Hilton King (Grandfather), and was residing with him in Hartsville at the time of the accident. Respondent Betty K. Reaves, Jay Hilton King's mother, resided in Dillon.

The automobile driven by Grandson, titled in the name of respondent Reaves, was described on her insurance policy with Hanover. Hanover admitted liability pursuant to that policy and thereafter paid appellant the maximum available coverage. Coincidentally, Grandfather was also insured by Hanover but his policy did not list or describe the automobile driven by Grandson. Appellant asserts that because Grandson was residing with Grandfather, Grandson should be covered additionally under Grandfather's policy with Hanover pursuant to the "non-owned automobile" provision.

## PART I—LIABILITY

\* \* \*

Persons insured. The following are insureds
Under Part I:

\* \* \*

(b) With respect to a non-owned automobile,

\* \* \*

(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission . . . .

\* \* \*

*Definitions.* Under Part I:

\* \* \*

"relative" means a relative of the named insured who is a resident of the same household:

* * *

"non-owned automobile" means an automobile not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute vehicle.

Therefore, for respondent Hanover to be liable, the automobile driven by Grandson must either be (1) not owned by the Grandson or (2) not furnished for his regular use. Appellant argues that respondent Hanover is liable under either condition.

First appellant contends that the automobile was not owned by Grandson because title was not in his name. The Motor Vehicle Financial Responsibility Act, S. C. Code Ann. § 56-9-20(11) (1976) describes an "owner" as a person who holds the legal title of a motor vehicle. However, S. C. Code Ann. § 56-19-320 (1976) states that a certificate of title is merely *prima facie* evidence of ownership. Moreover, the presumption of ownership evidenced by the certificate of title may be overcome by evidence that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered. *Bankers Ins. Co. of Pa. v. Griffin*, 244 S. C. 552, 137 S. E. (2d) 785, 787 (1964).

We agree with the trial court that the Grandson was the true owner of the automobile. In the Grandson's deposition he stated that he thought he was the owner of the automobile, he made the down payment and the subsequent monthly payments, he paid for the insurance, and he was the sole driver of the automobile.

Under similar facts, we found that the true owner was someone other than the titled owner in *Bankers Ins. Co. of Pa. v. Griffin, supra.* Henry Griffin signed a note and mortgage so that his brother Merdy Griffin could purchase an automobile. The auto was titled in Henry's name although Merdy made all the payments and procured liability insurance for it. After the auto was involved in an accident, Merdy's insurer initiated a declaratory judgment action to

determine who owned the auto and, therefore, whose insurance should cover the accident. Although the title was in Henry, the court found sufficient evidence to find that Merdy was the true owner.

Appellant relies on *Nationwide Mutual Ins. Co. v. Douglas,* 273 S. C. 243, 255 S. E. (2d) 828 (1979) to convince this court that the only way a person may be the owner of an automobile is to have legal title. The *Nationwide* case is not dispositive of the issue of ownership here. In *Nationwide* the issue was whether the insured could have acquired ownership of a stolen vehicle. Moreover, the court in *Nationwide* cited with approval that portion of the *Bankers Insurance* case that stated actual ownership was the determinative factor for purposes of automatic insurance clauses. Therefore, we conclude that although respondent Reaves held the title to the automobile, the Grandson was in fact the actual owner. Appellant's counsel admitted during oral argument that all the substantive evidence supported this conclusion.

Appellant's next argument is that the automobile was not and could not be furnished for Grandson's regular use because it was factually owned by him. Appellant's two arguments are contradictory; he contends the automobile was nonowned by the Grandson because, on the one hand, he did not hold legal title, and on the other, he was not furnished the automobile for his regular use because he *did* own it.

Assuming for argument that respondent Reaves was the owner of the automobile, it is undisputed that Grandson had it for his exclusive, regular use. It would follow then, that respondent Reaves, as the alleged owner, must have furnished it to her son. All the evidence indicates that the Grandson was the sole driver of the automobile and both the Grandfather and respondent Reaves considered it his. Therefore, appellant is precluded from receiving funds under Grandfather's policy with Hanover.

The purpose of automobile policy provisions excluding coverage for injuries sustained while occupying an automobile "furnished for the regular use of" an insured or relative is clear. It is to afford coverage for the infrequent and casual use of vehicles other than the one described in the policy,

but not to cover the insured with respect to his use of another vehicle which he frequently uses or has the opportunity to use. It is to protect the insurer from a situation whereby an insured could purchase a policy covering one automobile and be covered without qualification as to all automobiles available for his use. *Aetna Casualty & Surety Company v. Sessions,* 260 S. C. 150, 194 S. E. (2d) 877 (1973); *Grantham v. United States Fidelity and Guaranty Co.,* 245 S. C. 144, 139 S. E. (2d) 744 (1964).

Accordingly, we affirm the grant of Summary Judgment in respondents' favor.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.