1683

In re ESTATE OF Annie Mae B. WATFORD. L.E. WATFORD and Marjorie W. Bradbury, Appellants v. Carolyn W. WHETSTONE and Sandra W. Haigler, Executrixes of the Estate of Annie Mae B. Watford, Respondents.

(409 S.E. (2d) 791)

Court of Appeals

*A.F. Carter, III*, Orangeburg, *for appellants.*

*Thomas B. Bryant, III* of *Bryant, Fanning & Shuler*, Orangeburg, *for respondents.*

Heard June 5, 1991; Decided Aug. 5, 1991.

Rehearing Denied Oct. 30, 1991.

*Per Curiam:*

L.E. Watford and Marjorie W. Bradbury instituted this action against Carolyn W. Whetstone and Sandra W. Haigler, the personal representatives of the estate of Annie Mae B. Watford, for an accounting and for the denial of commissions. On appeal, the Court of Common Pleas reversed the order of the Probate Court. We reverse and remand.

When Annie Mae B. Watford died in 1986, she left five children, four of whom are parties to this action. Aside from the fees claimed by the personal representatives, the primary concern of the parties is a bank account containing about $45,000. Watford and Bradbury argue that the deceased was the sole account owner, but the personal representatives claim that the account was a joint account owned by the deceased and Carolyn Whetstone. The Probate Court found that the account was estate property because at the time of her death, the deceased had been the sole owner of the account. The Circuit Court reversed the Probate Court, holding that the account was a joint account with right of survivorship which after the death of the deceased belonged to Carolyn Whetstone.

The issues of merit before us are whether the circuit court judge erred (1) by finding that the deceased's bank account was a joint account with Carolyn Whetstone, and (2) by ruling that the personal representatives were entitled to the commissions for which they asked.

The question of ownership of personal property is a question of law. *See Estate of Stanley v. Sandiford,* 287 S.C. 148, 337 S.E. (2d) 248 (Ct. App. 1985). Accordingly, the correct standard for reviewing the Probate Court's judgment as to the disputed bank account is the so-called "any evidence" standard. *Cf. Cook v. Eller,* 298 S.C. 395, 380 S.E. (2d) 853 (Ct. App. 1989) (question of title to property is a legal one and review is thus limited to determination of whether there is any evidence to support the findings of the lower court).

Since the record contains evidence to support the Probate Court's judgment, we reverse the circuit court on the issue of ownership of the bank account.

As to the issue of the commissions, we hold that the circuit court judge erred by finding that the personal representatives were entitled to commissions. The Probate Court had disallowed the commissions party because the will had requested the personal representatives to serve without a fee. Although the language of the will was precatory rather than mandatory, we hold that it was within the Probate Court's discretion to disallow the claimed commissions. We find no abuse of discretion by the Probate Court.

For the reasons stated above, we find that the circuit court judge erred by finding that the deceased's account was a joint account and by finding that the personal representatives were entitled to commissions. Accordingly, we reverse and remand with instructions to enter judgment in accordance with this decision.

Reversed and remanded.