THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 County of
 Abbeville, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Calhoun Falls
 Rescue Squad, Inc., Appellant.
 
 
 
 
 

Appeal From Abbeville County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No.  2009-UP-592
 Heard November 11, 2009  Filed December
15, 2009

AFFIRMED

 
 
 
 C. Rauch Wise, of Greenwood, for Appellant.
 Roy R. Hemphill, of Greenwood, for
 Respondent.
 
 
 

PER CURIAM: In this declaratory judgment action, Calhoun Falls Rescue
 Squad, Inc., (the Squad) appeals the circuit court's decision finding the
 County of Abbeville (the County) owned a fifty percent interest in a 2001 ambulance
 and ordering the vehicle sold.  We affirm.  
A suit for declaratory judgment is neither legal nor equitable, but is determined
 by the nature of the underlying issue.  Hardy v. Aiken, 369 S.C.
 160, 164-65, 631 S.E.2d 539, 541 (2006).  A determination of ownership of
 personal property is a matter at law and, on appeal, review is limited to
 determining whether any evidence supported the circuit court's decision.  In
 re Estate of Watford, 305 S.C. 535, 536, 409 S.E.2d 791, 792 (Ct. App.
 1991).  
"A certificate of title
 issued by the Department of Motor Vehicles is prima facie evidence of the facts
 appearing on it."  S.C. Code Ann. § 56-19-320 (2006).  The certificate of
 title statute creates a rebuttable presumption that the vehicle's owner is the
 owner reflected on the title document.  Tollison v. Reaves, 277 S.C.
 443, 445, 289 S.E.2d 163, 164 (1982).  This presumption may be overcome "by
 evidence that the true owner of the vehicle is a person other than the one in
 whose name the vehicle is registered."  Id.; see, e.g., Bankers Ins. Co. of Pa. v. Griffin, 244 S.C. 552, 558, 137 S.E.2d 785,
 786 (1964) (holding man who made all payments on, purchased insurance for, and
 operated vehicle was true owner, and not his brother, in whose name vehicle was
 titled).  
Here, the circuit court's
 decision is supported by evidence in the record.  The certificate of title
 issued by the Department of Motor Vehicles on July 17, 2001, created a
 rebuttable presumption that the 2001 ambulance was owned jointly by the County
 and the Squad.  See § 56-19-320; Tollison, 277 S.C. at 445, 289 S.E.2d at 164.  The Squad
 presented evidence it had negotiated the price and features of the vehicle,
 secured and repaid a loan for the full cost, and exclusively used and
 maintained the vehicle.  However, the County supplied insurance and license
 plates for the vehicle and reimbursed the Squad for more than half the cost of
 the ambulance with State-provided grant money and County funds that were earmarked
 for the purchase of the ambulance.[1]  Furthermore, four of the County's five payments to
 the Squad occurred during the fifteen-month term of the Squad's loan.  Consequently,
 the Squad failed to rebut the presumption of co-ownership.  
AFFIRMED.[2]  
HUFF and GEATHERS, JJ.,
 and CURETON, A.J., concur.   

[1] According to the County, the parties made an
 agreement pursuant to the County's Capital Growth Plan that the County would
 partially fund the ambulance purchase.  The County's payments included
 $13,396.60 in grants from the South Carolina Department of Health and
 Environmental Control and matching funds of 5.5%, or $736.81, from the County. 
 Both parties participated in applying for the grant money.    
[2] We do not address the Squad's argument concerning
 equitable theories of constructive or resulting trust because this argument is
 unpreserved.  "It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the [circuit court] to be preserved for
 appellate review."  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497
 S.E.2d 731, 733 (1998).  In
 its reply brief, the Squad argues against the theories of County ownership
 arising from an equitable trust.  However, this argument was not raised to or
 ruled upon by the circuit court.