**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Janice Pitts, Appellant,

v.

Gerald Pitts, Respondent.

Appellate Case No. 2017-002526

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2020-UP-095
Submitted March 1, 2020 – Filed April 8, 2020

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

Gerald Pitts, of Inman, pro se.

**PER CURIAM:** Janice Pitts appeals the circuit court's order affirming the magistrate court's grant of relief to Gerald Pitts on the basis of claim and delivery. On appeal, Janice argues (1) the magistrate court erred in granting relief on the basis of claim and delivery because Gerald did not produce any evidence he had legal title to the property, (2) the magistrate court erred in refusing to allow her to impeach Gerald with prior convictions, and (3) the circuit court erred in failing to

reverse the magistrate court's order. We find the circuit court did not err in affirming the magistrate court's order granting relief to Gerald on the basis of claim and delivery because evidence demonstrated he had a right to the title of the 1998 Harley Davidson motorcycle and Janice wrongfully withheld it from him. *See Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("The [c]ourt of [a]ppeals will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law."); *Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless we find an error of law, [an appellate court] will affirm the [circuit court]'s holding if there are any facts supporting [its] decision."); *Clerks' Benevolent Union v. Knights of Columbus*, 70 S.C. 543, 547, 50 S.E. 206, 207 (1905) ("The plaintiff in [a claim and delivery] action, in order to recover, must allege that the property detained is his, or that it was taken from his possession, and he cannot recover without showing title in himself."); *Bankers Ins. Co. of Pa. v. Griffin*, 244 S.C. 552, 556, 137 S.E.2d 785, 786 (1964) ("The presumption of ownership evidence by the certificate of title may be overcome by evidence that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered."); *Clerks' Benevolent Union*, 70 S.C. at 547, 50 S.E. at 207 ("[T]he action of claim and delivery 'is not a chancery proceeding. Its purpose is to take property from one who wrongfully withholds it, and to give it to another, who has plain legal right thereto.'" (quoting *Penton v. Hansen*, 73 P. 843, 843-44 (Okla. 1903))). Additionally, we find the circuit court did not err in finding the magistrate court did not abuse its discretion in refusing to admit impeachment evidence because it was irrelevant to the matter before the court. *Davis v. Traylor*, 340 S.C. 150, 155, 530 S.E.2d 385, 387 (Ct. App. 2000) ("Relevant evidence may be excluded if the prejudicial effect of its admission substantially outweighs the probative value of the evidence. The [magistrate] court, however, has wide discretion in determining the relevancy of evidence, and its decision to admit or reject evidence will not be reversed on appeal absent an abuse of that discretion." (citation omitted)).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.