**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenn Mechanical, Appellant,

v.

Sihierh Smith, Respondent.

Appellate Case No. 2022-001357

———————————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-187
Submitted May 1, 2025 – Filed June 11, 2025

———————————

**AFFIRMED**

———————————

William Norman Epps, III, of Epps & Epps, LLC, of
Anderson, for Appellant.

James W. Logan, Jr., of Logan & Jolly, LLP, of
Anderson, for Respondent.

———————————

**PER CURIAM:** Glenn Mechanical (Mechanical) appeals the trial court's order granting summary judgment in favor of Sihierh Smith. On appeal, Mechanical argues the trial court erred by granting summary judgment because it established genuine issues of material fact regarding (1) how the title to a 2016 Toyota

4Runner (4Runner) came to be in Smith's name and (2) whether Mechanical had a right to possess the vehicle. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Mechanical, we hold the trial court did not err in granting summary judgment in favor of Smith because evidence demonstrated as a matter of law that Smith owned the 4Runner and had a right to possess it. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) ("[T]he 'mere scintilla' standard does not apply under Rule 56(c) [of the South Carolina Rules of Civil Procedure]. Rather, the proper standard is the 'genuine issue of material fact' standard set forth in the text of the Rule."); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), . . . which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *First Palmetto State Bank & Tr. Co. v. Boyles*, 302 S.C. 136, 138, 394 S.E.2d 313, 314 (1990) ("An action in claim and delivery is an action at law for the recovery of specific personal property."). The 4Runner's title listing Smith as the vehicle's owner is prima facie evidence of her right to possess the vehicle. *See* S.C. Code Ann. § 56-19-320 (2018) ("A certificate of title issued by the Department of Motor Vehicles is prima facie evidence of the facts appearing on it."); *Manship v. Newsome*, 188 S.C. 6, 10, 198 S.E. 428, 430 (1938) ("Proof of title, or right of possession, is a prerequisite to a plaintiff prevailing in an action in [c]laim and [d]elivery."). Further, we find Mechanical failed to present evidence to show a genuine issue of material fact regarding Smith's ownership of the 4Runner. Tonya Davis, the dealership's title clerk, testified that to register a vehicle's title, she would need an Application for Certificate of Title Form 400 (Form 400), an insurance card, and the Affidavit & Notification of Sale of Motor Vehicle (Affidavit). Although there was an affidavit listing Mechanical as the purchaser of the 4Runner, Davis indicated she only received a completed Form 400, proof of insurance, and Affidavit listing Smith as the 4Runner's buyer. Moreover, Smith paid the 4Runner's expenses including gas, insurance, property tax, and repairs. During the June 1, 2022 hearing, Mechanical stated that its employees either received a company vehicle, or a vehicle titled in the employee's name. The two personal checks John Glenn Jr., the managing partner of

Mechanical, wrote to the dealership supported Smith's contention that the 4Runner was a gift, not a company vehicle because the checks were from Glenn's personal account, not Mechanical's business account. *See Tollison v. Reaves*, 277 S.C. 443, 445, 289 S.E.2d 163, 164 (1982) ("[T]he presumption of ownership evidenced by the certificate of title may be overcome by evidence that the true owner of the vehicle is a person other than the one in whose name the vehicle is registered."); *Bankers Ins. Co. of Pa. v. Griffin*, 244 S.C. 552, 557-58, 137 S.E.2d 785, 786-87 (1964) (holding defendant who procured liability insurance for the vehicle was the true owner, despite the vehicle being titled in his brother's name when brother informed insurance company he had signed the note and mortgage for the vehicle only because of "credit reasons").

Moreover, Glenn's testimony that the 4Runner was to be titled to Mechanical does not establish a meaningful factual basis such that a factfinder could determine if Smith wrongfully placed the 4Runner's title in her name because Davis testified she only had the necessary paperwork to register the vehicle to Smith. Davis also testified she did not have contact with Smith while processing the paperwork. Furthermore, Matthew Pierce's—Smith's ex-boyfriend—testimony about his and Smith's argument over the 4Runner's purchase does not create a reasonable inference that Smith returned to the dealership and had the paperwork put in her name. Thus, Mechanical failed to establish a genuine issue of fact and Smith was entitled to summary judgment as a matter of law. *See Kitchen Planners, LLC*, 440 S.C. at 464, 892 S.E.2d at 302 (finding appellant failed to establish a genuine issue of material fact to overcome summary judgment because the evidence presented did not establish a "meaningful factual basis" or "create a reasonable inference" that respondent ordered parts within the statutory timeframe).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.